IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNIE ATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.   17-932 |
| v. ) | |
| ) | |
| BUCK'S, INC. OF COLLINSVILLE, d/b/a ) | |
| BP GASOLINE and d/b/a BUCHANAN ) | |
| ENERGY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Annie Atkins, by and through her attorneys, Mathis, Marifian & Richter, Ltd., and for her Complaint against the Defendant, Buck's Inc. of Collinsville, d/b/a BP Gasoline and d/b/a Buchanan Energy (hereinafter "Buck's" or "Defendant"), states as follows:

### NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act, the Illinois Human Rights Act, and the Illinois Pregnancy Discrimination Accommodation Act to correct for unlawful discrimination, harassment, and retaliation based on sex and pregnancy. Plaintiff, who was employed by Defendant, was subjected to unwanted and unlawful sexual harassment and discrimination based on her gender and pregnancy, and was unlawfully terminated from her employment in retaliation for reporting said events.

### JURISDICTION AND VENUE

1. Plaintiff brings this action to remedy violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a, and to remedy violations of state statutory and common law based upon the pendent jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715

(1966), and 28 U.S.C. § 1367. Jurisdiction of the state law claims is founded upon the pendent or supplemental jurisdiction of the Court pursuant to *United Mine Workers of America v. Gibbs*, 38 U.S. 715 (1966), and 28 U.S.C. § 1367.

2. The employment practices and alleged unlawful acts were committed within the jurisdiction of the United States District Court for the Southern District of Illinois, and Defendant is located, has facilities and operations, and conducts business in the Southern District of Illinois.

3. Plaintiff has complied with all administrative prerequisites by filing timely a Charge of Discrimination based on sex and pregnancy discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") more than 60 days before the filing of this lawsuit. A true and accurate copy of that Charge is attached as Exhibit 1.

4. The EEOC has issued a right-to-sue letter to Plaintiff. A true and accurate copy of Plaintiff's right-to-sue letter is attached as Exhibit 2.

**PARTIES**

5. Plaintiff, Annie Atkins, is female and, at all times relevant herein, was a resident of Belleville, St. Clair County, Illinois.

6. At all times relevant herein, Defendant was and is an Illinois corporation doing business in the State of Illinois, and having at least 15 employees.

7. At all times relevant herein, Defendant was engaged in an industry affecting commerce and was an employer within the meaning of 42 U.S.C. §2000e(b), (g) and (h).

8. At all times relevant herein, Defendant constituted an employer within the meaning of the Illinois Human Rights Act, employing 15 or more employees within the state of

Illinois during 20 or more calendar weeks within the calendar year of or preceding the alleged violation.

9. At all times relevant herein, Defendant constituted a person within the meaning of the Illinois Human Rights Act, 775 ILCS 5/1-103, being a corporation.

## GENERAL ALLEGATIONS

10. At all times relevant herein, Plaintiff was a female employed by Defendant as a Cashier at a BP gas station located at 1 S. Belt E. in Belleville, Illinois.

11. At all times relevant herein, Richard Jeff Varaday was a Store Manager and Plaintiff's supervisor.

12. Beginning in October of 2015, Plaintiff was subjected to repeated incidents of unwanted and unlawful sexual contact by Store Manager Varaday while at work including, but not limited to, rubbing his body up against Plaintiff and placing his hands on her backside.

13. Plaintiff spoke to Store Manager Varaday and told him that she was not comfortable with the unwanted touching.

14. Plaintiff also reported Store Manager Varaday's conduct to the Defendant, including Defendant's Assistant Manager Trina Robinson.

15. In retaliation, Store Manager Varaday stopped speaking to Plaintiff and avoided Plaintiff, and began to reduce her work hours.

16. In late December of 2015, Plaintiff informed Store Manager Varaday that she was pregnant.

17. Plaintiff also informed Store Manager Varaday that her doctor had indicated that she was a high risk pregnancy and that she would need particular days off to undergo medical testing.

18. Thereafter, Store Manager Varaday subjected Plaintiff to further retaliation due to her pregnancy and/or in retaliation for having reported sexual harassment.

19. Plaintiff again reported Store Manager Varaday's conduct to the Defendant, including Defendant's Territory Manager Kay Anderson.

20. Shortly after reporting Store Manager Varaday's conduct to Territory Manager Kay Anderson, Store Manager Varaday completely removed Plaintiff from the work schedule.

21. After being completely removed from the work schedule, Plaintiff contacted Defendant's Human Resources Department and reported Store Manager Varaday's unlawful conduct.

22. Despite repeated attempts to resolve the unwanted and unlawful discrimination, harassment and retaliation by Defendant's Store Manager Varaday, Plaintiff was never placed back on the schedule or offered to return to her employment and, therefore, was effectively and constructively discharged and/or terminated from her employment.

23. Thereafter, Defendant's stated reason for Plaintiff's termination of employment was a pretext for terminating Plaintiff's employment in retaliation for reporting Store Manager Varaday's sexual harassment and retaliation and/or discrimination based on Plaintiff's pregnancy.

## COUNT I
### Violation of Title VII (Discrimination)

24. Plaintiff incorporates Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Plaintiff performed her job satisfactorily while working for Defendant.

26. Since October of 2015, Defendant engaged in the following unlawful employment practices:

    a. Subjected Plaintiff to sexual harassment during her employment, including but not limited to, Defendant's Store Manager Varaday rubbing his body up against Plaintiff and placing his hands on her backside;

    b. Subjected Plaintiff to a sexually hostile working environment which included, without limitation, unwanted touching by Defendant's Store Manager Varaday;

    c. Subjected Plaintiff to discrimination on the basis of her pregnancy by reducing and eventually terminating Plaintiff's work hours after she requested particular days off for medical tests due to her high-risk pregnancy.

27. The aforementioned unlawful conduct was unwelcome, sexual in nature, and directed at Plaintiff because of her female sex.

28. The aforementioned unlawful conduct was sufficiently severe or pervasive to create a hostile working environment which altered the terms or conditions of Plaintiff's employment.

29. Similarly situated male and/or non-pregnant employees were not subjected to the unlawful conduct to which Plaintiff was subjected.

30. The effect of the aforementioned unlawful practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her female sex.

31. The unlawful employment practices alleged herein were intentional and were done with malice and/or with reckless indifference to the lawfully protected rights of Plaintiff.

32. Defendant failed and/or refused to exercise reasonable care to prevent and promptly correct the sexually harassing behavior and unlawful employment practices.

33. Defendant knew, or should have known, of the unlawful employment practices being carried out by its employees against Plaintiff.

34. Defendant knew, or should have known, of the sexual harassment and sexually hostile working environment created by its employees.

35. The failure and/or refusal of Defendant to exercise reasonable care to prevent and promptly correct the alleged sexually harassing behavior and unlawful employment practices amounted to condonation, ratification, approval, and/or perpetuation of said unlawful conduct and sexually hostile working environment.

36. Defendant was responsible for the acts, omissions, and unlawful conduct of its employees, including Defendant's Store Manager Varaday, because it knew of the acts, omissions, and unlawful conduct and failed and/or refused to prevent and promptly correct the sexually harassing behavior and unlawful employment practices.

37. Defendant was responsible for the acts, omissions and unlawful conduct of its employees, including Defendant's Store Manager Varaday who had the authority to supervise, manage and control Defendant's employees, including Plaintiff, and, as such, acted as the alter ego of Defendant.

38. As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff was subjected to unlawful sexual harassment and a sexually hostile work environment.

39. As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered the loss of salary, wages, bonuses, benefits, and other compensation which her employment entailed.

40. As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

41. The unlawful conduct of Defendant was done with malice and/or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Annie Atkins, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

(a) That a judgment be entered finding that the Defendant intentionally discriminated against Plaintiff Annie Atkins with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3, as amended by the Civil Rights Act of 1991;

(b) That Plaintiff Annie Atkins be awarded all wages, benefits and compensation lost due to Defendant's unlawful conduct, including back-pay and front pay, loss of benefits and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c) That Plaintiff Annie Atkins be made whole by being awarded compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d) That Plaintiff Annie Atkins be awarded all other compensatory and lawful damages permitted by law;

(e) That Plaintiff Annie Atkins be awarded substantial punitive damages;

(f) That Plaintiff Annie Atkins be awarded reasonable attorneys' fees and costs; and

(g) That Plaintiff Annie Atkins be awarded such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of Title VII (Retaliation)

42. Plaintiff incorporates Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

43. Plaintiff performed her job satisfactorily while working for Defendant.

44. Since October of 2015, Defendant engaged in the unlawful employment practices alleged in Count I, including without limitation unwanted physical touching by Defendant's Store Manager Varaday, and the reduction of her work hours after requesting particular days off for medical tests due to her high-risk pregnancy.

45. Plaintiff complained of the unlawful sexual harassment, hostile work environment, and discrimination created by Defendant's Store Manager Varaday to her Store Manager, Assistant Manager, and Territory Manager, and to Defendant's Human Resources Department.

46. After Plaintiff reported and complained of the unlawful sexual harassment, hostile work environment, and discrimination created by Defendant's Store Manager Varaday, Defendant's Store Manager Varaday retaliated against Plaintiff by avoiding Plaintiff, not speaking to Plaintiff, and by further reducing Plaintiff's work hours and eventually removing her from the the work schedule altogether, effectively and constructively terminating her employment.

47. There was no legitimate business reason for these actions, and the reasons proffered by Defendant, if any, were pretextual.

48. Similarly situated male and/or non-pregnant employees were not subjected to the unlawful conduct to which Plaintiff was subjected.

49. As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered the loss of salary, wages, bonuses, benefits, and other compensation which her employment entailed.

50. As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

51. The unlawful conduct of Defendant was done with malice or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme, and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of substantial punitive damages.

WHEREFORE, Plaintiff, Annie Atkins, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

(a) That a judgment be entered finding that Defendant intentionally discriminated against Plaintiff Annie Atkins with malice and/or reckless indifference to Plaintiff's lawfully protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3, as amended by the Civil Rights Act of 1991;

(b) That Plaintiff Annie Atkins be awarded all wages, benefits and compensation lost due to Defendant's unlawful conduct, including back-pay and front pay, loss of benefits and other compensation, with prejudgment interest, and such other equitable relief as will make Plaintiff whole and as may be necessary to eradicate the effects of the unlawful employment practices;

(c) That Plaintiff Annie Atkins be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and standing in the community, and humiliation, in amounts to be determined at trial;

(d) That Plaintiff Annie Atkins be awarded all other compensatory and lawful damages permitted by law;

(e) That Plaintiff Annie Atkins be awarded substantial punitive damages;

(f) That Plaintiff Annie Atkins be awarded reasonable attorneys' fees and costs; and

(g) That Plaintiff Annie Atkins be awarded such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of Illinois Human Rights Act (Discrimination)

52. Plaintiff incorporates Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

53. The Illinois Human Rights Act states, in relevant part:

> It is a civil rights violation ... [f]or any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status.

775 ILCS 5/2-102.

54. Plaintiff performed her job satisfactorily while working for Defendant.

55. A representative, agent, or employee of Defendant, and Defendant itself, discriminated against Plaintiff in one or more of the following ways:

      a. Subjected Plaintiff to sexual harassment during her employment, including but not limited to Defendant's Store Manager Varaday rubbing his body up against Plaintiff and placing his hands on her backside;

      b. Subjected Plaintiff to a sexually hostile working environment which included without limitation unwanted touching;

      c. Subjected Plaintiff to discrimination on the basis of her pregnancy by reducing and eventually terminating Plaintiff's work hours after she requested particular days off for medical tests due to her high-risk pregnancy.

56. The aforementioned unlawful conduct was unwelcome, sexual in nature, and directed at Plaintiff because of her female sex and/or her pregnancy.

57. The aforementioned unlawful conduct was sufficiently severe and/or pervasive to create a hostile working environment which altered the terms or conditions of Plaintiff's employment.

58. Similarly situated male and/or non-pregnant employees were not subjected to the unlawful conduct to which Plaintiff was subjected.

59. The effect of the aforementioned unlawful practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her female sex and/or her pregnancy.

60. Defendant failed and/or refused to exercise reasonable care to prevent and promptly correct the alleged sexually harassing behavior and unlawful employment practices.

61. Defendant knew, or should have known, of the unlawful employment practices being carried out by its employees against Plaintiff.

62. Defendant knew, or should have known, of the sexual harassment, sexually hostile working environment, and discrimination created by its employees, including Defendant's Store Manager Varaday.

63. Defendant's failure and/or refusal to exercise reasonable care to prevent and promptly correct the alleged sexually harassing behavior and unlawful employment practices

amounted to condonation, ratification, approval, and/or perpetuation of said unlawful conduct and sexually hostile working environment.

64. Defendant was responsible for the acts, omissions, and unlawful conduct of its employees because it knew of the acts, omissions and unlawful conduct and failed and/or refused to prevent and promptly correct alleged sexually harassing behavior and unlawful employment practices.

65. Defendant was responsible for the acts, omissions, and unlawful conduct of its employees, including Defendant's Store Manager Varaday who had the authority to supervise, manage, and control Defendant's employees including Plaintiff, and, as such, acted as the alter ego of Defendant.

66. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff was subjected to unlawful sexual harassment and a sexually hostile work environment.

67. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered the loss of salary, wages, bonuses, benefits and other compensation which her employment entailed.

68. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

WHEREFORE, Plaintiff, Annie Atkins, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

(a) That Plaintiff Annie Atkins be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain

and suffering, loss of enjoyment of life, damage to reputation, and humiliation, in amounts to be determined at trial;

(b)     That Plaintiff Annie Atkins be awarded all wages, benefits, and compensation lost due to Defendant's unlawful conduct, including back-pay, with prejudgment interest, and such other equitable relief as necessary to eradicate the effects of the unlawful employment practices;

(c)     That Plaintiff Annie Atkins be awarded all other compensatory damages permitted by law;

(d)     That Plaintiff Annie Atkins be awarded reasonable attorneys' fees and costs; and

(e)     That Plaintiff Annie Atkins be awarded such other relief as this Court deems just and proper.

## COUNT IV
### Violation of Illinois Human Rights Act (Retaliation)

69.     Plaintiff incorporates Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

70.     The Illinois Human Rights Act states, in relevant part:

It is a civil rights violation for a person to retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination.

775 ILCS 5/6-101.

71.     Plaintiff performed her job satisfactorily while working for Defendant.

72.     Since October of 2015, Defendant engaged in the unlawful employment practices alleged in Count III, including without limitation unwanted physical touching by Defendant's Store Manager Varaday, and the reduction of her work hours after requesting particular days off for medical tests due to her high-risk pregnancy.

73. Plaintiff complained of the unlawful sexual harassment, hostile work environment, and discrimination created by Defendant's Store Manager Varaday to her Store Manager, Assistant Manager, and Territory Manager, and to Defendant's Human Resources Department.

74. After Plaintiff reported and complained of the unlawful sexual harassment, hostile work environment, and discrimination created by Defendant's Store Manager Varaday, Defendant retaliated against Plaintiff when Defendant's Store Manager Varaday avoided and stopped speaking to Plaintiff, and by further reducing Plaintiff's work hours and eventually removing her from the work schedule altogether, effectively and constructively terminating her employment.

75. There was no legitimate business reason for these actions, and the reasons proffered by Defendant, if any, were pretextual.

76. Similarly situated male and/or non-pregnant employees were not subjected to the unlawful conduct to which Plaintiff was subjected.

77. As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered the loss of salary, wages, bonuses, benefits, and other compensation which her employment entailed.

78. As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish, loss of reputation and standing in the community, and emotional and physical distress.

WHEREFORE, Plaintiff, Annie Atkins, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

(a) That Plaintiff Annie Atkins be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation, and humiliation, in amounts to be determined at trial;

(b) That Plaintiff Annie Atkins be awarded all wages, benefits, and compensation lost due to Defendant's unlawful conduct, including back-pay, with prejudgment interest, and such other equitable relief as necessary to eradicate the effects of the unlawful employment practices;

(c) That Plaintiff Annie Atkins be awarded all other compensatory damages permitted by law;

(d) That Plaintiff Annie Atkins be awarded reasonable attorneys' fees and costs; and

(e) That Plaintiff Annie Atkins be awarded such other relief as this Court deems just and proper.

Respectfully Submitted,

MATHIS, MARIFIAN & RICHTER, LTD.

By  /s/Mark S. Schuver
Mark S. Schuver, #6197656
Natalie T. Lorenz, #06309572
23 Public Square, Suite 300
P.O. Box 307
Belleville, IL 62220
(618) 234-9800 Phone
(618) 234-9786 Fax
mschuver@mmrltd.com
nlorenz@mmrltd.com

Attorneys for Plaintiff

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Annie Atkins | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2016-02165 | Sean J. Oliveira, Investigator | (314) 539-7847 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

James R. Neely, Jr., Director

JUN 19 2017

*(Date Mailed)*

Enclosures(s)

cc: Buck's Inc. of Collinsville, Personnel Manager
1 S. Belt E
Belleville, IL 62220

Paul Venker
Williams, Venker & Sanders, LLC
100 North Broadway
St. Louis, MO 63102

Mark S. Schuver
MATHIS, MARIFIAN, & RICHTER LTD
23 Public Square
Suite 300, PO Box 307
Belleville, IL 62222

EXHIBIT 1

JUN 21 2017

BY:_____

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | [ ] FEPA<br>[X] EEOC | 560-2016-02165 |

| Illinois Department of Human Rights | | and EEOC |
|---|---|---|
| State or local Agency, if any | | S.S. No. |

| NAME (indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Annie Atkins | (618) 514-1311 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ▇▇▇▇▇ | ▇▇▇▇▇ | ▇▇▇▇▇ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Buck's Inc. of Collinsville d/b/a BP Gasoline | 400+ | (618) 235-6381 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1 S. Belt E., Belleville, Illinois 62220 | | St. Clair, Illinois |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Buck's Inc. of Collinsville d/b/a BP Gasoline | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 7315 Mercy Road, Omaha, Nebraska 68124 | | Douglas, NE |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] AGE
[X] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [X] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)  LATEST (ALL)
October 2015
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I am an African American female. I was employed by Buck's Inc. of Collinsville, d/b/a BP Gasoline ("Buck's"), from approximately May or June of 2015 until my unlawful termination in February of 2016.

II. I believe that I was subjected to sexual harassment and that my employment was terminated in retaliation for reporting sexual harassment and due to pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, including the Pregnancy Discrimination Act, the Illinois Human Rights Act, the Illinois Pregnancy Accommodation Act, as well as other state and federal laws, and in retaliation for exercising my civil rights.

III. I was employed by Buck's as a Cashier at the BP Gasoline station located at 1 S. Belt E. in Belleville, Illinois. The store Manager was Richard Jeff Varaday, who I have subsequently learned has been charged with 40 felony counts of possession of child pornography.
(SEE ATTACHED)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

*[signature]*

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9/12/16
Charging Party (Signature)

NOTARY – (When necessary for State and Local Requirements)

*[signature]*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

OFFICIAL SEAL
GINA M. SWEARINGEN
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires AUG. 26, 2019

*[signature: Gina M Swearingen]*

{M0443381.1}

**EXHIBIT 2**

(CONTINUED)

Beginning in October of 2015, I was subjected to repeated incidents of Mr. Varady coming up to me while I was behind the Cashier's Desk at work and rubbing his body up against me and his hand touching my backside. The first time he did this I thought that perhaps it was an accident. After the second time he did this, it became apparent to me that it was not an accident. I reported the incident to the Assistant Manager, Trina Robinson. Ms. Robinson told me that if it happened again, I should speak directly to Mr. Varady about it.

The third time it happened in November of 2015 I went to Mr. Varaday's office later in the day and told him that I was not comfortable with him rubbing up against me. He told me that it must have been an accident.

For the next week or two after confronting Mr. Varaday about this inappropriate and unwanted sexual harassment, he stopped speaking to me and avoided me. Thereafter, he began reducing my hours at work. Prior to complaining of the sexual harassment, I was scheduled to work full time (38 to 39 hours per week), but after reporting the sexual harassment and asking Mr. Varaday to stop, he cut my hours to 16 hours per week.

In late December of 2015, I informed Mr. Varaday that I was pregnant. I informed him that my doctor had indicated that I was a high risk pregnancy, and that I needed a particular day off to undergo testing. Mr. Varaday did not object to the requested day off. However, he later wrote me up for being a no-call no show even though I had requested the scheduled day off to attend the medical appointment.

In early February I went to Mr. Varaday's supervisor, Kay Anderson. I reported that I had been subjected to sexual harassment by Mr. Varaday, and that after I complained to him and asked him to stop, that he had cut my hours in retaliation. I also reported to Ms. Anderson that I believed that other female employees had been subjected to similar sexual harassment. I had taken a photo on or about December 15, 2015, of Mr. Varaday standing very close to, and apparently rubbing up against, another female co-worker. I sent this photo to Ms. Anderson. Ms. Anderson told me that she would investigate these complaints.

A day or two after reporting Mr. Varaday's sexual harassment and retaliation to Ms. Anderson, Mr. Varaday completely removed me from the work schedule.

After being completely removed from the work scheduled, I contacted the Human Resources Department at corporate headquarters in Omaha, Nebraska [Phone number (402) 558-9860]. I told them about the sexual harassment by Mr. Varaday and the fact that after I initially complained to him and asked him to stop, that he cut my hours. I also told them that after I complained to Mr. Varaday's supervisor, Kay Anderson, Mr. Varaday then took me off of the work schedule completely, effectively terminating my employment. I told the HR person that she should review the store video surveillance system to see if it recorded any of the incidents of sexual harassment. I asked the HR person if I could have my job back. She asked me if I was willing to continue working with Mr. Varaday. I told her that I was not, but that I was willing to work at one of the other stations owned by Bucky's in the area. The HR Person assured me that she would review the video surveillance, conduct and investigation and get back to me. To date, I have received no response from anyone at Bucky's.

It is my understanding that, despite my complaints to Bucky's, Mr. Varaday continued to work at this gas station until he was recently arrested for possession of child pornography.

I believe that Bucky's has known of other incidents of sexual harassment by Mr. Varaday well-before I was first subjected to sexual harassment by him. When I first began working for Bucky's I was called into the office and asked questions about whether Mr. Varaday had ever done anything inappropriate towards me. At the time, I did not understand why I was being questioned in this regard. However, the Assistant Manager, Trina Robinson, has subsequently told me that other women have also reported being subjected to sexual harassment by Mr. Varaday.

{M0443381.1}

IV. I believe that I was subjected to sexual harassment by my Manager, Richard Jeff Varaday, and that after I complained to Mr. Varaday and others about the sexual harassment, he retaliated against me by cutting my hours and then completely removing me from the work schedule. I believe that I was also subjected to unlawful discrimination, retaliation and unlawful termination by Mr. Varaday due to my pregnancy.

_[signature]_
Annie Atkins

9/13/16
Date

2016 SEP 15 PM 2: 19
RECEIVED
EEOC
ST LOUIS DISTRICT

{M0443381.1}